FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
3/16/2023 12:21 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Becky Rodriguez

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**ELIAZAR NUÑEZ,**

  **Plaintiff,**

D-307-CV-2023-00579

**v.**

Arrieta, Manuel I.

**CITY OF LAS CRUCES,**
**EDGAR ABUNDIS,** in his individual and official capacities, and **GILBERT SANCHEZ**, in his individual and official capacity,

  **Defendants.**

## ORIGINAL COMPLAINT

**COME NOW**, Plaintiff Eliazar Nuñez, by and through counsel, the Cardenas Law Firm LLC (Christopher K. P. Cardenas), hereby allege upon information and belief, and for their complaint against Defendants City of Las Cruces, Edgar Abundis, and Gilbert Sanchez, state as follows:

### I.   PARTIES AND JURISDICTION

1) Plaintiff Eliazar Nuñez is a resident of Doña Ana County, State of New Mexico.

2) Upon information and belief, Defendants Edgar Abundis and Gilbert Sanchez are residents of Doña Ana County, State of New Mexico.

3) At all times material to this complaint, Defendants Edgar Abundis and Gilbert Sanchez were duly appointed, employed, and acting law enforcement agent of the Las Cruces Police Department, a department of the City of Las Cruces.

4) The events which give rise to this lawsuit occurred in the City of Las Cruces, Doña Ana County, State of New Mexico.

5) Defendants Abundis and Sanchez are sued in their individual and official capacities.

Original Complaint
*Nunez v. City of Las Cruces et al.*
Page 1 of 16

**EXHIBIT**

**1**

6)     At all times material to this complaint, Defendants Abundis and Sanchez were duly appointed, employed, and acting law enforcement agents of Defendant City of Las Cruces.

7)     Defendants are sued individually and in their official capacity.

8)     Las Cruces Police Officers are law enforcement officers and public employees as those terms are defined in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-3(D) and (F), and Defendants Abundis and Sanchez were acting in the course and within the scope of their duty at all times material to this Complaint.

9)     Defendant City of Las Cruces is a political entity organized under New Mexico law which serves the purpose of setting policy of and ensuring public services, including law enforcement, is performed in a competent and lawful manner and is the proper party for suits under the New Mexico Tort Claims Act, §41-4-16(A).

10)    Plaintiff submitted a Tort Claim Notice to the City of Las Cruces's Risk Management Department on June 29, 2021, which was hand-delivered by Zach Lilley, Esq., and acknowledged as being received on that date by R. Trujillo.

11)    This action arises under the Constitution of the United States, particularly the Fourth, and Fourteenth Amendments to the Constitution of the United States, the New Mexico Constitution, particularly Article II Section 10, and under the laws of the United States and State of New Mexico, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988 as well as the New Mexico Tort Claims Act, §41-4-12.

12)    This Court has jurisdiction as to the State claims under the New Mexico Tort Claims Act, §41-4-18, NMSA.

13) This Court has jurisdiction as to the Federal claims pursuant to the Supremacy Clause of the Constitution of the United States (Article VI, Section 2).

## II.    FACTS

14) Paragraphs 1-13 are realleged and incorporated herein.

15) Plaintiff Eliazar Nuñez has two (2) children with a woman by the name of Rebecca Zamora, Amy who was eight (8) years old at the time of the incident and Elliana who was ten (10) months old at the time of the incident.

16) Plaintiff and Ms. Zamora have a court-ordered custody plan established for Amy; however, their youngest child had not yet been conceived at the time of the custody order and so no order existed governing the custody of Elliana at the time of the incident in question.

17) Prior to April 3, 2021, Plaintiff and Ms. Zamora followed the court-ordered custody schedule for both children even though the court order only covered Amy.

18) Pursuant to the court order, Plaintiff would have custody of his children from 10:00 am to 3:00 pm on Saturdays.

19) Plaintiff, who works in Midland, Texas, drives several hours every weekend to see his children during his allotted custody time.

20) Prior to April 3, 2021, Ms. Zamora would allow Plaintiff to use her car sear for Elliana during Plaintiff's custody weekend.

21) Plaintiff also had access to a car seat from his mother, who lived in town and would sometimes transport the children in her vehicle.

22) On April 3, 2021, around 11:00 am, Ms. Zamora refused to give Plaintiff custody of the children, so he contacted law enforcement in an effort to assist him in obtaining custody of the children.

23) Defendant Abundis responded to Plaintiff's first call to law enforcement, however, he went back on regular patrol once Plaintiff informed him Ms. Zamora had finally answered the door.

24) At approximately 11:48 am, Plaintiff was forced to call law enforcement again as Ms. Zamora was now refusing to let Amy leave the house.

25) When Defendant Abundis arrived on scene, Plaintiff was holding Elliana and explained to Defendant Abundis that Ms. Zamora would not let Amy leave the house.

26) Throughout the incident in question, Elliana was content to be in her father's arms until Defendant Abundis began to act aggressively towards Plaintiff.

27) Defendant Abundis then approached Ms. Zamora's home and knocked.

28) When Ms. Zamora answered the door, Defendant Abundis asked her to explain her side of the situation.

29) Ms. Zamora admitted to Defendant Abundis that there was no court order governing custody of Elliana and that she was "not allowing" Plaintiff to take Elliana.

30) Ms. Zamora continued to explain that she was "uncomfortable" allowing Elliana to go with Plaintiff because she had a bruise last time Plaintiff dropped her off.

31) Defendant Abundis's report incorrectly states Ms. Zamora was "scared" for Plaintiff to have custody of Elliana; video of the incident in question confirms otherwise.

32) There were no pending investigations by child protective services, nothing was filed or ever filed by any agency which would have the lawful authority to take custody of

either of the children, and no order was entered preventing Plaintiff from having custody of Elliana.

33)   Defendant Abundis's report incorrectly states that Ms. Zamora had filed a police report in Midland, Texas, however, Ms. Zamora does not make this claim when Defendant Abundis first spoke to her.

34)   While reviewing the court paperwork handed to him by Plaintiff, Defendant Abundis asked Plaintiff the location of his mother, showing that he knew Plaintiff had called his mother to bring a cars eat.

35)   Plaintiff also confirmed that he did not intend to drive Elliana without a car seat and was not taking Elliana to Midland as he intended to stay with his mother during the visit.

36)   Despite knowing Plaintiff's mother is on the way and the Plaintiff did not intend to place Elliana in a dangerous position, Defendant Abundis claims in his report that the reason he refused to let Plaintiff keep custody of Elliana was because Plaintiff did not have the "basic items needed to take care of a 10-month old."

37)   Defendant Abundis also claimed he asked Plaintiff to return Elliana so he could, "see if she really had a bruise on her arm," despite the fact he never asked to inspect Elliana's arms and despite the fact the alleged incident had happed two weeks prior.

38)   Even though it was Ms. Zamora who was committing the crime of custodial interference by holding Amy hostage until she had Elliana, Defendant Abundis decided he was going to illegally force Plaintiff to return custody of Elliana to Ms. Zamora.

39)    Custodial interference is a fourth-degree felony under §30-4-4, NMSA.

40)   Plaintiff, knowing he has a constitutional right to the custody of his children, declined to follow Defendant Abundis's unlawful order.

41)   Defendant Abundis became aggressive with his demands and attempted to physically restrain Plaintiff while Plaintiff was holding Elliana in his arms.

42)   As a result of Defendant Abundis's attack on Plaintiff, Plaintiff was knocked to the ground on his knees.

43)   Defendant Abundis's actions put Elliana in danger and forced Plaintiff to make efforts to keep his child from falling due to the unlawful force Defendant Abundis used against him.

44)   Plaintiff did not use any force towards Defendant Abundis nor did he speak any fighting words nor did he issue a threat of force against Defendant Abundis.

45)   After Defendant Abundis knocked Plaintiff onto his knee, he pulled out his taser and placed it to Plaintiff's back as if he was performing a "stick up" and continued to demand Plaintiff release Ellena to her mother.

46)   Around this time Defendant Sanchez arrived on the scene, and at the direction of Defendant Abundis, pulled Elliana out of Plaintiff's hands.

47)   Right before Defendant Sanchez pulled Elliana out of Plaintiff's hands, Defendant Abundis shot Plaintiff point blank in the back with his taser and extended the device to Plaintiff's thigh to create a circuit of electricity in Plaintiff's body which had the effect of immobilizing him.

48)   Defendant Abundis's actions put Elliana at risk of being harmed.

49)   Defendant Sanchez had a duty to prevent Defendant Abundis from violating Plaintiff's rights, but instead assisted Defendant Abundis in the violation of said rights.

50) Defendant Sanchez failed his duty to intervene to prevent Plaintiff's constitutional rights being violated by Defendant Abundis.

51) As a result of the force Defendants Abundis and Sanchez used against Plaintiff, he has sustained an injury to his back and shoulder which still exists to this day, causing Plaintiff a significant amount of pain and suffering and limiting the activities he may partake in.

52) Defendants Abundis and Sanchez's use of force against Plaintiff was excessive.

53) An officer detaining a person without legal authority other than the bare fact of his employment as a peace officer is not "in the lawful discharge of his duties. *See State v. Phillips*, 2009-NMCA-021 at ¶16; *State v. Frazier*, 88 N.M. 103 (Ct.App. 1975)(Defendant not guilty of resisting arrest when resistance was as a result of an officer's unlawful enforcement of a civil issue and the resistance was non-combative), *State v. Doe*, 92 N.M. 100 (1978) (While holding that a subject to an illegal arrest does not have the right to attack the peace officer, our Supreme Court cites to *Frazier* as an example of where resisting arrest was not unlawful as the defendant did not attack the officer while being arrested).

54) Defendant Abundis did not suspect any crime had been committed by Plaintiff and therefore his order cannot be said to be "lawful" under any criminal statute which he is authorized to enforce.

55) Defendant Abundis was not acting to protect the health or safety of any individual, nor did any other exigent circumstances exist which would have made his order to Plaintiff to return Elliana to her mother "lawful."

56) Defendant Abundis knew that there was no court order governing Plaintiff's custody of Elliana and therefore could not lawfully overcome Plaintiff's constitutional right to the custody of his child.

57) Defendant Abundis knew that, prior to April 3, 2021, Ms. Zamora and Plaintiff shared custody of both children as if the court ordered custody of Amy also governed custody of Elliana.

58) Defendant Abundis knew that Plaintiff had called his mother to bring a car seat to the scene so that Elliana would be safely secured in Plaintiff's vehicle.

59) Despite knowing this information and the fact he knew or should have known he was not acting lawfully by ordering Plaintiff to surrender Elliana, Defendant Abundis proceeded to charge Plaintiff with resisting a lawful order in Las Cruces Municipal Court under Las Cruces Municipal Code Section 19-296 for his refusal to submit to Defendant Abundis's unlawful order.

60) The criminal charges Defendant Abundis filed against Plaintiff were resolved in Plaintiff's favor.

61) Plaintiff incurred attorney's fees in defending himself against Defendant Abundis's unlawful charges.

62) Defendant City of Las Cruces has failed to create and/or enforce policies concerning the limitations its law enforcement officers have while responding to custody disputes.

63) Defendant City of Las Cruces's failure to create and/or enforce policies governing when a law enforcement officer has the authority to intervene in a custody disputes resulted in Defendants Abundis and Sanchez not having the proper guidance necessary to perform their duties when dispatched to custody disputes.

64) Defendant City of Las Cruces's knew or should have known its law enforcement officers would be called to the scene of custody disputes.

65) Defendant City of Las Cruces's law enforcement officers have historically responded to a significant number of custody disputes, putting them on notice that policy creation and/or enforcement was necessary to negate the risk of its law enforcement officers violating the rights of parents involved in a custody dispute.

66) Defendant City of Las Cruces's failure to create and/or enforce policies governing its officer's involvement in custody disputes is a result of deliberate indifference to a potential danger of a constitutional violation which would result when law enforcement interferes in such a dispute.

67) Plaintiff's right to custody of his children is one of the most fundamental constitutional rights afforded to citizens under both the Constitution of the United States as well as the Constitution of New Mexico.

68) The right to family integrity and association is guaranteed by the Fourteenth Amendment of the United States as a substantial due process right to liberty.

69) Defendants' actions and/or omissions resulted in the violation of Plaintiff's liberty under the Fourth and Fourteenth Amendments of the Constitution of the United States.

### III.   CAUSES OF ACTION
*FEDERAL CONSTITUTION CLAIMS*
**COUNT I – FOUTH AMENDMENT CLAIM**
**UNREASONABLE SEIZURE**

70) Paragraphs 1-69 are realleged and incorporated herein.

71) Plaintiff has a Fourth Amendment right to be free from unreasonable seizures.

72) Defendants Abundis and Sanchez violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures by arresting him for failure to follow an order which they had no lawful basis to give.

73) As a direct and proximate cause of Defendants Abundis and Sanchez's conduct as set forth herein, Plaintiff suffered physical injury, loss of enjoyment of life, mental anguish and emotional distress.

74) Defendants Abundis and Sanchez's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights, warranting an imposition of punitive damages.

## COUNT II – FOURTH AMENDMENT CLAIM
## MALICIOUS PROSECUTION

75) Paragraphs 1-74 are realleged and incorporated herein.

76) Plaintiff has a Fourth Amendment right to be free from malicious prosecution.

77) Defendant Abundis had a duty as law enforcement officer to refrain from initiating prosecution against citizens when probable cause is lacking.

78) Defendant Abundis knew, or should have known, that he owed said duty to Plaintiff.

79) Defendant Abundis breached said duty by arresting Plaintiff and filing a criminal complaint against him.

80) Defendant Abundis violated the Mr. Ramirez's rights to be free from malicious prosecution.

81) As a direct and proximate cause of Defendant Abundis's conduct as set forth herein, Plaintiff suffered mental anguish, emotional distress and incurred attorney's fees defending against the unlawful action.

82) Defendant Abundis's conduct was reckless, willful, wanton, malicious, and in reckless disregard for Plaintiff's rights, warranting an imposition of punitive damages.

## COUNT III – FOURTH AMENDMENT CLAIM
### EXCESSIVE FORCE

83) Paragraphs 1-82 are realleged and incorporated herein.

84) Defendants Abundis and Sanchez intentionally, and without legal justification or consent applied excessive force to Plaintiff's person resulting in significant injuries to Plaintiff's back and shoulder.

85) Plaintiff did not consent to Defendants Abundis and Sanchez touching his person.

86) The amount of force used by Defendants Abundis and Sanchez was beyond the force necessary to achieve their lawful purposes.

87) As a direct and proximate cause of Defendant Abundis and Sanchez's conduct as set forth herein, Plaintiff suffered physical injury, mental anguish, emotional distress, emotional pain and suffering, and was otherwise damaged and injured.

88) Defendants Abundis's and Sanchez's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights, warranting an imposition of punitive damages.

## COUNT IV – FOURTEENTH AMENDMENT CLAIM
### INTERFERENCE WITH FAMILY ASSOCIATION

89) Paragraphs 1 – 88 are realleged and incorporated herein.

90) Plaintiff's right to family association is a clearly established right.

91) Plaintiff has a fundamental right to custody of his children.

92) The Fourteenth Amendment's Due Process Clause has a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests, including parents' fundamental right to make decisions concerning the care, custody, and control of their children. *See Troxel et vir. V. Granville*, 530 US 57 (2000).

93) Defendants Abundis and Sanchez's unlawful actions against Plaintiff resulted in the deprivation of his liberty to family association in violation of his constitutional rights.

94) Defendants Abundis and Sanchez's actions in interfering with Plaintiff's right to family association were unlawful, outrageous and shock the conscience.

95) Defendants Abundis's and Sanchez's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights, warranting an imposition of punitive damages.

96) Plaintiff has no adequate state claims which would remedy or make whole Plaintiff for the violation of his right to family association.

**COUNT V**
**NEGLIGENT SUPERVISION and/or TRAINING**
DELIBERATE INDIFFERENCE STANDARD

97) Paragraphs 1-96 are realleged and incorporated herein.

98) Defendants City of Las Cruces knew or should have known with moral certainty that their failure to properly train its officers on proper procedure when becoming involved in custody disputes would result in the violation of the constitutional rights of parents in situations similar to Plaintiff's.

99) Defendant City of Las Cruces's custom, pattern, or practice towards involvement in custody disputes demonstrates an obvious need for more or different training so much so that it shows Defendant City of Las Cruces is deliberately indifferent to the issue.

100) The deliberate indifference of Defendant City of Las Cruces in ensuring their policies and procedures were followed through proper supervision resulted in Defendants Abundis and Sanchez violating Plaintiff's constitutionally protected liberty interests and rights.

101) This deliberate indifference was reckless, willful, wanton, malicious, and in disregard for the rights of Plaintiff, warranting an imposition of punitive damages.

## CLAIMS UNDER NEW MEXICO TORT CLAIMS ACT
### COUNT VI
### FALSE ARREST

102)   Paragraphs 1-101 are realleged and incorporated herein.

103)   Defendants Abundis and Sanchez knowingly arrested Plaintiff without legal justification to do so.

104)   Plaintiff did not consent to his arrest.

105)   As a direct and proximate cause of Defendants Abundis and Sanchez's conduct as set forth herein, Plaintiff suffered mental anguish, emotional distress, and personal injuries.

106)   Defendants Abundis and Sanchez's conduct was willful, wanton, malicious, and in disregard for Plaintiff's rights, warranting an imposition of punitive damages.

### COUNT VII
### MALICIOUS ABUSE OF PROCESS

107)   Paragraphs 1-106 are realleged and incorporated herein.

108)   Defendant Abundis, without legal cause or justification, initiated criminal charges against Plaintiff.

109)   Defendant Abundis's primary purpose in filing charges against Plaintiff was to accomplish illegitimate ends.

110)   The prosecution initiated against Plaintiff was terminated in his favor.

111)   As a direct and proximate cause of Defendant Abundis's conduct as set forth herein, Plaintiff suffered mental anguish, emotional distress, emotional pain and suffering, and was otherwise damaged and injured.

112)   Defendant Abundis's conduct was willful, wanton, malicious, and in disregard for Mr. Ramirez's rights, warranting an imposition of punitive damages.

**COUNT VIII**
**BATTERY**

113)     Paragraphs 1-112 are realleged and incorporated herein.

114)     Defendants Abundis and Sanchez intentionally, and without legal justification or consent applied force to Plaintiff's person.

115)     Plaintiff did not consent for Defendant Abundis and Sanchez to touch his person.

116)     As a direct and proximate cause of Defendants Abundis and Sanchez's conduct as set forth herein, Plaintiff suffered physical injury, mental anguish, emotional distress, emotional pain and suffering, and was otherwise damaged and injured.

117)     Defendants Abundis and Sanchez's conduct was willful, wanton, malicious, and in reckless disregard for Plaintiff's rights, warranting an imposition of punitive damages.

**COUNT IX**
**NEGLIGENT SUPERVISION and/or TRAINING**

118)     Paragraphs 1-117 are realleged and incorporated herein.

119)     Defendant City of Las Cruces negligently trained, retained, and supervised Defendants Abundis and Sanchez.

120)     The acts and conduct of the Defendants Abundis and Sanchez were the direct result and proximate cause of injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New Mexico.

121)     As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to great emotional pain and suffering, and was otherwise damaged and injured.

**IV.     DAMAGES**

122)     Paragraphs 1-121 are realleged and incorporated herein.

123)     As a result of the actions described herein, Plaintiffs has suffered damages.

124) Plaintiff should be awarded judgment against Defendants as follows:

    a. Damages for pecuniary losses, past and future;

    b. Reimbursement for medical bills and attorney's fees incurred as a result of Defendants' actions and/or omissions as set forth herein;

    c. Compensatory damages for the humiliation, pain and distress caused by the unlawful acts of Defendants;

    d. Punitive damages against Defendants for their malicious acts in reckless disregard of Plaintiff's legal rights;

    e. An order compelling the City of Las Cruces to promulgate rules and/or policies governing its law enforcement officers' interactions with parents while involved in custody disputes;

    f. Reasonable attorney fees;

    g. Costs of this suit;

    h. Pre- and post-judgment interests;

    i. Such other relief as the Court deems just and proper.

## V.    <u>JURY DEMAND</u>

Plaintiffs hereby requests a twelve (12) person jury trial on all issues properly triable to a jury.

Respectfully Submitted,

CARDENAS LAW FIRM, LLC

Christopher K. P. Cardenas
NM Bar No. 141550
602 N. Alameda Blvd.
Las Cruces, NM 88005
Phone: (575) 650-6003
Fax: (575) 267-6237
*Attorney for Plaintiff*
ccardenaslaw@gmail.com

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
3/16/2023 12:21 PM
DAVID S. BORUNDA
CLERK OF THE COURT
Becky Rodriguez

**STATE OF NEW MEXICO**
**COUNTY OF DOÑA ANA**
**THIRD JUDICIAL DISTRICT COURT**

**ELIAZAR NUÑEZ,**

        **Plaintiff,**

**v.**

D-307-CV-2023-00579

Arrieta, Manuel I.

**CITY OF LAS CRUCES,**
**EDGAR ABUNDIS,** in his individual and official
capacities, and **GILBERT SANCHEZ,** in his
individual and official capacity,

        **Defendants.**

## <u>DEMAND FOR TWELVE (12) PERSON JURY TRIAL</u>

        COMES NOW, Plaintiff Elizazar Nunez, by and through counsel, The Cardenas Law Firm

LLC (Christopher K. P. Cardenas), and pursuant to Rule 1-038, NMRA hereby requests a trial by

a twelve (12) member jury. A deposit in the amount of $300.00 is made at the same time of the

filing of this demand.

        Respectfully Submitted,

        CARDENAS LAW FIRM, LLC

Christopher K. P. Cardenas
NM Bar No. 141550
602 N. Alameda Blvd.
Las Cruces, NM 88005
Phone: (575) 650-6003
Fax: (575) 267-6237
*Attorney for Plaintiff*
ccardenaslaw@gmail.com

D-307-CV-2023-00579

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
3/22/2023 8:33 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

# SUMMONS

| | |
|---|---|
| **THIRD JUDICIAL DISTRICT COURT** <br> **DONA ANA COUNTY, NEW MEXICO** <br><br> **Court Address:201 W. Picacho Avenue** <br> **Las Cruces, NM 88005** <br> **Telephone: 575-523-8200** | **CASE NO.: D-307-CV-2023-00579** <br> **JUDGE: MANUEL I. ARRIETA** |
| **ELIAZAR NUNEZ,** <br>      **Plaintiff,** <br><br> **v.** <br><br> **CITY OF LAS CRUCES,** <br> **EDGAR ABUNDIS, in his** <br> **individual and official capacities, and** <br> **GILBERT SANCHEZ, in his individual** <br> **and official capacity,** <br>      **Defendants.** | **DEFENDANT:** <br><br> **EDGAR ABUNDIS** <br> **c/o Clerk for City of Las Cruces** <br> **700 N. Main Street** <br> **Las Cruces, NM 88001** <br> **(575) 541-2115** |

## TO THE ABOVE NAMED DEFENDANT

TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at Las Cruces, New Mexico, this 17th day of March 2023.

David S. Borunda

CLERK OF THE COURT

BY _Alexandra Flores_

DEPUTY

CARDENAS LAW FIRM LLC

_[signature]_

Christopher K.P. Cardenas
  orney for Plaintiff
2 N. Alameda Avenue
s Cruces, NM 88005
'5) 650-6003
rdenaslaw@gmail.com

D.C. SEAL — DISTRICT COURT — DONA ANA COUNTY

**RETURN**

**STATE OF**___NEW MEXICO_____ )
                                   )ss
**COUNTY OF**___Doña Ana_____ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____Doña Ana_____ County on the ___21st____ day of ____March_____, 20_23_____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner: *(check one box and fill in appropriate blanks)*

☐ to the defendant *(name of person)*: _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*

☐ to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service)*.

After attempting to serve the summons and complaint, on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint attached, in the following manner:

☐ to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* **and** by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

☐ to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

☒ to _____Christine Rivera_____, an agent authorized to receive service of process for defendant ____EDGAR ABUNDIS_____.

☐ to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

☐ to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)*.

Fees: ___25.00_____

_____
Signature of person making service

Eric W. Yaryan        Doña Ana Servers
_____
Print Name and Title (if any)

Subscribed and sworn to before me on:

March 21, 2023

_____
Judge/notary/other officer authorized to administer oaths

Official Title: _____Notary_____

My commission expires: ___7-28-23___

BILLIE HOOD
NOTARY PUBLIC
STATE OF NEW MEXICO
COMMISSION # 1098638
COMMISSION EXPIRES: 07-28-2023

D-307-CV-2023-00579

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
3/22/2023 8:33 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

# SUMMONS

| | |
|---|---|
| **THIRD JUDICIAL DISTRICT COURT**<br>**DONA ANA COUNTY, NEW MEXICO**<br><br>**Court Address:201 W. Picacho Avenue**<br>**Las Cruces, NM 88005**<br>**Telephone: 575-523-8200** | **CASE NO.: D-307-CV-2023-00579**<br>**JUDGE: MANUEL I. ARRIETA** |
| **ELIAZAR NUNEZ,**<br>    **Plaintiff,**<br><br>**v.**<br><br>**CITY OF LAS CRUCES,**<br>**EDGAR ABUNDIS, in his**<br>**individual and official capacities, and**<br>**GILBERT SANCHEZ, in his individual**<br>**and official capacity,**<br>    **Defendants.** | **DEFENDANT:**<br><br>**CITY OF LAS CRUCES**<br>**c/o Clerk for City of Las Cruces**<br>**700 N. Main Street**<br>**Las Cruces, NM 88001**<br>**(575) 541-2115** |

## TO THE ABOVE NAMED DEFENDANT

TAKE NOTICE THAT:

1.  A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.
2.  You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA).  The Court's address is listed above.
3.  You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4.  If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5.  You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6.  If you need an interpreter, you must ask for one in writing.
7.  You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657 or 505-797-6066.

Dated at Las Cruces, New Mexico, this 17th day of March 2023.

David S. Borunda

CLERK OF THE COURT

BY: _[signature]_
DEPUTY

_[D.C. SEAL — DISTRICT COURT DONA ANA COUNTY]_

CARDENAS LAW FIRM LLC

_[signature]_

_____
Christopher K.P. Cardenas
Attorney for Plaintiff
602 N. Alameda Avenue
Las Cruces, NM 88005
(575) 650-6003
ccardenaslaw@gmail.com

## RETURN

**STATE OF** _NEW MEXICO_ )
                              )ss
**COUNTY OF** _Doña Ana_ )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____Doña Ana_____ County on the _21st_ day of _March_____, 20 _23_____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner: **(check one box and fill in appropriate blanks)**

 ◻ to the defendant (name of person): _____ (used when
   defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)

 ◻ to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (used when service is by
   mail or commercial courier service).

After attempting to serve the summons and complaint, on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint attached, in the following manner:

◻ to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (used when the defendant is not presently at place of abode) **and** by mailing by first class mail to the defendant at _____ (insert defendant's last known mailing address) a copy of the summons and complaint.

◻ to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (insert defendant's business address) and by mailing the summons and complaint by first class mail to the defendant at _____ (insert defendant's last known mailing address).

☒ to _Christine Rivera_____, an agent authorized to receive service of process for defendant _CITY OF LAS CRUCES_.

◻ to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (used when defendant is a minor or an incompetent person).

◻ to _____ (name of person), _____, (title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).

Fees: _25.00_____

    _____
    Signature of person making service

    Eric W. Yaryan  Doña Ana Servers
    Print Name and Title (if any)

Subscribed and sworn to before me on:
_March 21, 2023_

| BILLIE HOOD | |
| NOTARY PUBLIC | |
| STATE OF NEW MEXICO | _____ |
| COMMISSION # 1098638 | Judge/notary/other officer authorized to administer oaths |
| COMMISSION EXPIRES: 07-28-2023 | Official Title: _Notary_ |

My commission expires: _7-28-2023_

D-307-CV-2023-00579

FILED
3rd JUDICIAL DISTRICT COURT
Dona Ana County
3/22/2023 8:33 AM
DAVID S. BORUNDA
CLERK OF THE COURT
Josephina Gomez

# SUMMONS

| | |
|---|---|
| **THIRD JUDICIAL DISTRICT COURT** **DONA ANA COUNTY, NEW MEXICO** **Court Address:**201 W. Picacho Avenue **Las Cruces, NM 88005** **Telephone: 575-523-8200** | **CASE NO.: D-307-CV-2023-00579** **JUDGE: MANUEL I. ARRIETA** |
| **ELIAZAR NUNEZ,** Plaintiff, v. **CITY OF LAS CRUCES,** **EDGAR ABUNDIS, in his** **individual and official capacities, and** **GILBERT SANCHEZ, in his individual** **and official capacity,** Defendants. | **DEFENDANT:** **GILBERT SANCHEZ** **c/o Clerk for City of Las Cruces** **700 N. Main Street** **Las Cruces, NM 88001** **(575) 541-2115** |

## TO THE ABOVE NAMED DEFENDANT

TAKE NOTICE THAT:

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing & pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org: 1-800-876-6657 or 505-797-6066.

Dated at Las Cruces, New Mexico, this 17th day of March 2023.

David S. Borunda

CLERK OF THE COURT

BY _Alexandra Perra_
DEPUTY

CARDENAS LAW FIRM LLC

Christopher K.P. Cardenas
Attorney for Plaintiff
602 N. Alameda Avenue
Las Cruces, NM 88005
(575) 650-6003
ccardenaslaw@gmail.com

## RETURN

**STATE OF** __NEW MEXICO____     )
                                  )ss
**COUNTY OF** ____Doña Ana____    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____Doña Ana_____ County on the ___21st___ day of ___March_____, 20__23_____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner: *(check one box and fill in appropriate blanks)*

> ☐ to the defendant *(name of person)*: _____ *(used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint)*
>
> ☐ to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA *(used when service is by mail or commercial courier service).*

After attempting to serve the summons and complaint, on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of the complaint attached, in the following manner:

☐ to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, *(used when the defendant is not presently at place of abode)* *and* by mailing by first class mail to the defendant at _____ *(insert defendant's last known mailing address)* a copy of the summons and complaint.

☐ to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ *(insert defendant's business address)* and by mailing the summons and complaint by first class mail to the defendant at _____ *(insert defendant's last known mailing address)*.

☒ to ____Christine Rivera____, an agent authorized to receive service of process for defendant ____GILBERT SANCHEZ____.

☐ to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ *(used when defendant is a minor or an incompetent person)*.

☐ to _____ *(name of person)*, _____, *(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: ___95.00_____

_____
Signature of person making service

Eric W. Yaryan   Doña Ana Servers
Print Name and Title (if any)

| |
|---|
| Subscribed and sworn to before me on: |
| March 21, 2023 |
| _____ |
| Judge/notary/other officer authorized to administer oaths |
| Official Title: Notary |
| My commission expires: 7-28-23 |

BILLIE HOOD
NOTARY PUBLIC
STATE OF NEW MEXICO
COMMISSION # 1098638
COMMISSION EXPIRES: 07-28-2023