UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

EUGENE G. PETTIT,

    Plaintiff,

v.   Civ. No. 23-367 GJF

CHRISTOPHER HERNANDEZ SCHALJO,
DIANA MURILLO, SHANNON
REYNOLDS, MANUEL A. SANCHEZ, and
FNU LNU Nos. 1-x,

    Defendants.

**MEMORANDUM OPINION AND ORDER FOR
AMENDED COMPLAINT AND ORDER TO CURE DEFICIENCY**

THIS MATTER comes before the Court on *pro se* Plaintiff's INJUNCTION The King's Bench [ECF 1] ("Complaint").

**I.   ORDER TO CURE DEFICIENCY**

Plaintiff has not paid the $402.00 fee[1] for instituting a civil action or filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Plaintiff shall have twenty-one (21) days from entry of this Order to either pay the $402.00 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Failure to timely pay the fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" may result in dismissal of this case without prejudice. Any papers that Plaintiff files in response to this order must include the civil cause number (Civ. No. 23-367 GJF) of this case.

---

[1] The fee for instituting any civil action, suit or proceeding consists of a $350.00 filing fee, *see* 28 U.S.C. § 1914, and a $52.00 administrative fee.

## II.   THE COMPLAINT

The Complaint names Doña Ana County Commissioners in their personal capacity and unidentified "Attorney(s), Law Enforcement(s), Actors" as "Wrongdoers." Complaint at 1. Plaintiff states: "Nature of case: Injunction." Complaint at 1. The Complaint is largely legal argument but includes the following allegations:

> Count 1:
>
> Violation "no law respecting an establishment of religion, or the exercise thereof" National Day of Prayer Proclamation dated April 25, 2023.
>
> Count 2:
>
> Violation "the right of the people to peaceably to assemble" they violated our right to assemble at the Doña Ana County north lawn at the county commission meeting on April 25, 2023. National Day of Prayer is an annual day of observance held on the first Thursday of May, designated by the United States Congress when people are asked to turn to God in prayer and meditation. The president is required by law (36 U.S.C. §119) to sign a yearly proclamation encouraging all Americans to pray on this day and scheduled at the county on May 4, 2023. Doña Ana County has hosted National Day of Prayer on the north lawn since 2015, except for two years due to covid.
>
> Doña Ana County Commissioners, Christopher-Hernanez: Schaljo, Diana: Murillo, Shannon: Reynolds, Manuel-A: Sanchez, Attorney(s), Law Enforcement, or any government official(s) violating the 1st Amendment counts and the reason for this injunction is to stop there [sic] action in their acting capacity for their Un-Constitutional Corporate policy(s) they represent.
> ....
>
> The remedy in this case: Injunction "to stop" the people in their "acting capacity" as STATE OF NEW MEXICO officials in their private capacity and acknowledge the "Sovereign Immunity" protection of the 11th Amendment in accordance with Supreme Court of the United States case *ex parte Young*.
>
> This injunction is to stop the violation of rights of the Officer(s) Clerk(s), and Judge(s) in the county of Doña Ana, New Mexico, and STATE OF NEW MEXICO.

Complaint at 3-4, 10 (emphasis in original).

Plaintiff seeks injunctive relief including, perhaps, a temporary restraining order given that the National Day of Prayer is scheduled for May 4, 2023.

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

> Every order granting an injunction and every restraining order must:
>
> **(A)** state the reasons why it issued;
>
> **(B)** state its terms specifically; and
>
> **(C)** describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1).

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021).

The Complaint fails to state a claim for a temporary restraining order or injunction. The Complaint does not allege: (i) specific facts that clearly show that immediate and irreparable

3

injury will result to Plaintiff before Defendants can be heard in opposition; (ii) that Plaintiff made any efforts to give notice to Defendants and reasons why it should not be required; (iii) the act or acts Plaintiff seeks to restrain or require; (iv) Plaintiff is substantially likely to succeed on the merits; (v) Plaintiff will suffer irreparable injury if the injunction is denied; (vi) the threatened injury outweighs the injury the opposing party will suffer under the injunction; and (vii) the injunction would not be adverse to the public interest.

## III.  CASE MANAGEMENT

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

## IV.  COMPLIANCE WITH RULE 11

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (**1**) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**V.   CONCLUSION**

   **IT IS THEREFORE ORDERED** that:

   (1) Plaintiff shall, within twenty-one (21) days of entry of this Order, either pay the $402.00 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Failure to timely pay the fee or file an Application may result in dismissal of this case.

   (2) The Clerk shall send to Plaintiff, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

   (3) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

   **SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE