IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EUGENE G. PETTIT,

    Plaintiff,

vs.  No. CIV 23-0367 JB/GJF

CHRISTOPHER HERNANDEZ SCHALJO;
DIANA MURILLO; SHANNON REYNOLDS;
MANUEL A. SANCHEZ and Attorney(s), Law
Enforcement(s), Actors,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's INJUNCTION The King's Bench, filed April 28, 2023 (Doc. 1)("Complaint"). Plaintiff Eugene G. Pettit appears pro se. For the reasons set out below, the Court will dismiss this case with prejudice for failure to state a claim, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PROCEDURAL BACKGROUND

The Complaint names Doña Ana County Commissioners in their personal capacity and unidentified "Attorney(s), Law Enforcement(s), Actors" as "Wrongdoers." Complaint at 1.[1] Pettit states: "Nature of case: Injunction." Complaint at 1. The Complaint is largely legal argument, but includes the following allegations:

Count 1:

    Violation "no law respecting an establishment of religion, or the exercise thereof" National Day of Prayer Proclamation dated April 25, 2023

Count 2:

---

[1]The Complaint does not use numbered paragraphs to list its allegations and legal arguments.

> Violation "the right of the people to peaceably to assemble" they violated our right to assemble at the Doña Ana County north lawn at the county commission meeting on April 25, 2023.  National Day of Prayer is an annual day of observance held on the first Thursday of May, designated by the United States Congress when people are asked to turn to God in prayer and meditation.  The president is required by law (36 U.S.C. § 119) to sign a yearly proclamation encouraging all Americans to pray on this day and scheduled at the county **on May 4, 2023**.  Doña Ana County has hosted National Day of Prayer on the north lawn since 2015, except for two years due to covid.
>
> Doña Ana County Commissioners, **Christopher-Hernanez: Schaljo, Diana: Murillo, Shannon: Reynolds, Manuel-A: Sanchez**, Attorney(s), Law Enforcement, or any government official(s) violating the 1st Amendment counts and the reason for this injunction is to stop there [sic] action in their acting capacity for their Un-Constitutional Corporate policy(s) they represent.
>
> . . . .
>
> The remedy in this case:
>
> Injunction "to stop" the people in their "acting capacity" as STATE OF NEW MEXICO officials in their private capacity and acknowledge the "Sovereign Immunity" protection of the 11th Amendment in accordance with Supreme Court of the United States case *ex parte Young*.
>
> This Injunction is to stop the violation of rights of the Officer(s) Clerk(s), and Judge(s) in the county of Doña Ana, New Mexico, and STATE OF NEW MEXICO.

Complaint at 3-4, 10 (emphasis and capitalization in original).  The Court construes the Complaint as a request for injunctive relief, including, perhaps, a temporary restraining order against the Defendants, given that the National Day of Prayer was scheduled for May 4, 2023.  See Complaint at 4.

In the Memorandum Opinion and Order for Amended Complaint and Order to Cure Deficiency, filed May 2, 2023 (Doc. 4)("Order"),  the Honorable Gregory J. Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies Pettit that

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

> Every order granting an injunction and every restraining order must:
>
> **(A)** state the reasons why it issued;
>
> **(B)** state its terms specifically; and
>
> **(C)** describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1).

> Because a preliminary injunction is an "extraordinary remedy never awarded as of right," *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 . . . (2008), the movant must make a "clear and unequivocal" showing it is entitled to such relief, *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008)(quoting *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). To obtain a preliminary injunction, the movant must show (1) it "is substantially likely to succeed on the merits," (2) it "will suffer irreparable injury if the injunction is denied," (3) its "threatened injury outweighs the injury the opposing party will suffer under the injunction," and (4) "the injunction would not be adverse to the public interest." *New Mexico Dep't of Game & Fish*, 854 F.3d at 1246 (quoting *Fish*, 840 F.3d at 723).

*Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021).

Order at 3 (bold in original). Magistrate Judge Fouratt also states:

> The Complaint fails to state a claim for a temporary restraining order or injunction. The Complaint does not allege: (i) specific facts that clearly show that

immediate and irreparable injury will result to Plaintiff before Defendants can be heard in opposition; (ii) that Plaintiff made any efforts to give notice to Defendants and reasons why it should not be required; (iii) the act or acts Plaintiff seeks to restrain or require; (iv) Plaintiff is substantially likely to succeed on the merits; (v) Plaintiff will suffer irreparable injury if the injunction is denied; (vi) the threatened injury outweighs the injury the opposing party will suffer under the injunction; and (vii) the injunction would not be adverse to the public interest.

Order at 3-4.  Accordingly, Magistrate Judge Fouratt orders Pettit to file an amended complaint and notifies Pettit that failure to timely file an amended complaint within 21 days of the Order's entry may result in dismissal of this case.  See Order at 5.  Pettit did not file an amended complaint by the May 23, 2023, deadline.

### LAW REGARDING PRO SE LITIGANTS AND SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant."  Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

Rule 12(b)(6) authorizes the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007). While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Curley v. Perry, 246 F.3d 1278, 1282 (10th Cir. 2001)(quoting Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991)).

## ANALYSIS

Having carefully reviewed the Complaint and the relevant law, the Court will dismiss Pettit's claims with prejudice for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). Pettit has not stated a claim for injunctive relief, because he has not alleged that: (i) he is substantially likely to succeed on the merits; (ii) he will suffer irreparable injury if the injunction is denied; (iii) his threatened injury outweighs the injury that the opposing parties will suffer under the injunction; and (iv) the injunction would not be adverse to the public interest. See Colorado v. U.S. Env't Prot. Agency, 989 F.3d at 883-84. Further, Magistrate Judge Fouratt, after notifying Pettit that he does not state a claim for injunctive relief, ordered Pettit to file an amended complaint. See Order at 5. The deadline to file an amended complaint was May 23, 2023. See Order at 3. Pettit has not filed an amended complaint. The Court therefore will dismiss: (i) Pettit's claims for injunctive relief with prejudice pursuant to rule 12(b)(6); (ii) the Complaint; and (iii) this case.

**IT IS ORDERED** that: (i) the Plaintiff's claims for injunctive relief are dismissed with prejudice pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure; (ii) the Plaintiff's INJUNCTION The King's Bench, filed April 28, 2023 (Doc. 1), is dismissed; (iii) this case is dismissed; and (iv) the Court will enter separately a Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Eugene G. Pettit
Las Cruces, New Mexico

    *Plaintiff pro se*